IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LORI M. FUSHER                                                       PLAINTIFF

vs.                                      Civil No. 2:14-cv-02223

CAROLYN COLVIN                                           DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Lori Fusher ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's applications for DIB and SSI were filed on May 23, 2012. (Tr. 11, 112-119). Plaintiff alleged she was disabled due to scoliosis, sciatica, back pain, anxiety, depression, PTSD, and bipolar. (Tr. 135). Plaintiff alleged an onset date of September 14, 2009. (Tr. 11). These applications were denied initially and again upon reconsideration. (Tr. 11, 53-59, 65-69).

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on her applications and this hearing request was granted. (Tr. 70-71).

Plaintiff's administrative hearing was held on May 2, 2013. (Tr. 24-48). Plaintiff was present and was represented by counsel, Richard Strunks, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Sarah Moore testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-one (41) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education. (Tr. 131, 136).

On July 12, 2013, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 11-19). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2014. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 14, 2009, her alleged onset date. (Tr. 13, Finding 2).

The ALJ also determined Plaintiff had the severe impairments of obesity, degenerative disc disease, degenerative joint disease, affective disorder, and personality disorder. (Tr. 13, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-18). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work; can occasionally kneel and crouch; can push and pull limited to lifting and carrying limitations of 10 pounds frequently and 20 pounds occasionally; needs a sit and

stand option at one hour intervals during the course of the day; can perform interpersonal contact on a routine but superficial basis; can perform jobs where the complexity of tasks is learned by experience, have several variables, and requires judgment within limits; and need for supervision is little for routine tasks but detailed for non-routine tasks. (Tr. 15, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The ALJ found Plaintiff was unable to perform her PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 18-19, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a machine tender with approximately 220 such jobs in Arkansas and 16,500 such jobs in the nation, assembler with approximately 182 such jobs in Arkansas and 22,100 such jobs in the nation, and inspector with approximately 50 such jobs in Arkansas and 4,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from September 14, 2009 through the date of the decision. (Tr. 19, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 6). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On October 20, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 13, 15. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's

3

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in the RFC determination by failing to develop the record, (B) in failing to properly consider Plaintiff's complaints of pain, and (C) at the Step 5 analysis. ECF No. 13, Pgs. 4-9. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 15.

**A. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,*

5

377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work with limitations. (Tr. 15, Finding 5). Plaintiff argues the ALJ erred in this RFC determination and failed to develop the record. ECF No. 13, Pgs. 4-6. However, substantial evidence supports the ALJ's RFC determination.

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced

6

or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of her limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). An ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).

The ALJ discussed and referenced medical records that provided substantial support for his RFC finding. The ALJ found Plaintiff's treatment records show she did not require any inpatient hospitalizations or surgical procedures to treat her complaints of pain in her back, legs, knees, feet, left ankle, and neck. (Tr. 16). Dr. Myra Gregory, a treating physician, treated Plaintiff only with medications and never recommended more aggressive treatment. (Tr. 232-238, 301-312, 332-343).

Dr. Ahmad Al-Khatib performed a consultative exam of Plaintiff on September 15, 2012. (Tr. 284-285). Dr. Al-Khatib's examination indicated Plaintiff had normal muscle bulk and tone; motor strength was normal throughout; reflexes were normal; and coordination was normal, with an antalgic gait. (Tr. 285). Dr. Al-Khatib stated Plaintiff had mild to moderate limitations in standing, walking, and carrying objects. *Id.*

On January 10, 2013, Plaintiff was seen by Dr. Arthur Johnson for an evaluation of her back and left leg pain. (Tr. 326-331). Dr. Johnson indicated a comprehensive review of systems was negative except for musculoskeletal back pain. (Tr. 328). Also, Dr. Johnson stated Plaintiff's neck had normal movement, gait was normal, no visible deformity, muscle asymmetry, or tender spinous processes, except for tenderness to palpation at the SI joint region. (Tr. 328-329). Plaintiff had normal strength in her quadriceps, hamstrings, ankles, and toes; normal reflexes; and negative

7

straight leg raise testing. (Tr. 329). Plaintiff was diagnosed with degeneration, intervertebral disco, lumbar; lumbago; lumbar radiculopathy; and discogenic syndrome, lumbar L2-3. *Id.* Dr. Johnson recommended physical therapy, rest, anti-inflammatory medications, steroid injections, and weight loss. (Tr. 330).

Plaintiff also argues the ALJ did not name Dr. Patricia Walz in his mental RFC assessment and provided no analysis of her opinions. ECF No. 13, Pg. 5. Although the ALJ did not name Dr. Walz in the decision, he referenced Dr. Walz's mental evaluation report and discussed the findings. (Tr. 17). Furthermore, Dr. Jon Etienne Mourot analyzed Dr. Walz's mental evaluation report in rendering his opinion of Plaintiff's mental RFC. (Tr. 262-264). Dr. Mourot indicated Plaintiff had the mental RFC to perform work where interpersonal contact is routine but superficial; complexity of tasks is learned by experience; tasks have several variables and require judgment within limits; and supervision required is little for routine, but detailed for non-routine, tasks. (Tr. 264). The ALJ adopted Dr. Mourot's opinion of Plaintiff's mental RFC. (Tr. 15).

As a result of the above, substantial evidence shows the ALJ met his duty to fairly develop the record. As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination finding Plaintiff capable of performing light work except cannot reach overhead. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### B. ALJ's Credibility Determination

Plaintiff also claims the ALJ erred in his credibility determination. ECF No. 13. In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints

8

pursuant to the directives of *Polaski*. ECF No. 15, Pages 9-10.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski* and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 15-17). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) No impatient hospitalizations or surgical procedures, (5) No medication side effects, and (6) Plaintiff treated conservatively primarily with medications. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's complaints of pain.

### C. Step 5 Analysis

Plaintiff also argues the ALJ erred at Step 5 of the analysis in finding Plaintiff could perform other work that exists in significant number in the national economy. ECF No. 13, Pgs. 8-9.

However, substantial evidence supports the ALJ's finding that other jobs exist in significant numbers in the national economy that Plaintiff could perform.

After finding the Plaintiff was unable to perform her PRW, the ALJ, determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 18-19, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a machine tender with approximately 220 such jobs in Arkansas and 16,500 such jobs in the nation, assembler with approximately 182 such jobs in Arkansas and 22,100 such jobs in the nation, and inspector with approximately 50 such jobs in Arkansas and 4,000 such jobs in the nation. (Tr. 45-47).

Plaintiff argues none of the jobs the VE identified constituted jobs that existed in significant numbers in the area where she lives. ECF No. 13, Pgs. 8-9. Plaintiff specifically states that in Arkansas, there are only 315 assembly jobs, 220 machine tender jobs, and 50 inspector jobs. *Id.* However, the regulations do not require the ALJ to find that significant numbers exist in the region where a claimant lives. 20 C.F.R. §§ 404.1560(c)(1), 416.960(c)(1) (any other work (jobs) that you can adjust to must exist in significant numbers in the national economy (either in the region where you live or in several regions in the country).

In determining if "work exists in significant numbers," the Eighth Circuit has provided the following guidance:

> A judge should consider many criteria in determining whether work exists in significant numbers, some of which might include: the level of claimant's disability; the reliability of the vocational expert's testimony; the reliability of the claimant's testimony; the distance claimant is capable of traveling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on. The decision should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual

situation.

*Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir.1988) (quoting *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir.1988)); *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir.1997).  While there is no bright line drawn for determining when "work exists in significant numbers," it is instructive that 500 jobs were a legally sufficient significant number in *Jenkins, supra*.  *See Long v. Chater*, 108 F.3d at 188 (650 jobs in state significant number); *Johnson v. Chater*, 108 F.3d at 180 (200 jobs in Iowa significant number); *Nix v. Sullivan*, 744 F.Supp. 855, 863 (N.D.Ill.1990) (675 jobs significant number), aff'd, 936 F.2d 575 (7th Cir.1991); *see also Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir.1987) (174 jobs).

The Court finds, based on the record in this case, that there is substantial evidence of a significant number of jobs available in the national and state economy that Plaintiff can perform.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **2nd  day of July 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE